### GEORGE LUMBARD, *vs.* JAMES ZIMMERMAN.

Where an appeal was attempted to be taken from the judgment of a justice of the peace, and it appeared on inspection of the return that the jurat to the affidavit was not signed, *Held* on motion, that the appeal should be dismissed. *Held*, also, on application for an order for an appeal in such case, that the same should be allowed, in pursuance with the provisions of § 3842, *C. L.*

*Kalamazoo Circuit, November* 1870.

*O. T. Tuthill,* for Plaintiff.

*Chas. A. Thompson,* for Defendant.

*By the Court,* BROWN, J.—In this cause the appellee, moves to dismiss the appeal, on the ground that the same has not been legally taken. As appears by the return, the *jurat* is not signed, neither does the name or official character of the officer administering the oath appear in the body of what is claimed as an affidavit. An affidavit is an oath reduced to writing, sworn before and *attested* by him who hath authority to minister the same. *Bac. Abr.,* 124; 1 *Mich. Nisi Prius,* 189. The paper under consideration is not an affidavit. Let the cause be dismissed and the files remitted to the Justice, with a certified copy of this order.

In the foregoing case, after the above order was entered, ap-

plication was made to the Court for an order authorizing an appeal, in pursuance with the provisions of § 3842, C. L., which provides that "Appeals may be authorized by the Circuit or District Court, after the expiration of five days, where the party making the appeal has been prevented from taking the same by circumstances not under his control." The affidavit of the appellant, upon which this motion is predicated, alleges that he sigend and swore to an affidavit for an appeal and filed the same with the Justice within the five days prescribed by law—that the justice administering the oath neglected to sign the jurat, which fact he had no knowledge of until the return was made to this Court.

The statute requires the party appealing, within five days after the rdndition of judgment, to present to the Justice an affidavit made by himself, his agent, or attorney, before any person authorized to administer oaths, stating that such judgment is not in accordance with the just rights of such person, &c., C. L. § 3836.

It has been held, in some of the Circuits of this State, that a proper construction of this statute requires the person taking the appeal to see to it that his affidavit is complete and perfect before filing it with the Justice, and that if he files it without the *jurat* being signed, he should not be permitted to allege, afterwards, that such omission was a "circumstance beyond his control."

In the case under consideration, the instrument designed as an affidavit was sworn to before the Justice who rendered the judgment.

The "filing" of the affidavit, referred to in the statute concerning appeals, means, of course, nothing more than the delivery of the same to the Justice.

It is said it is the duty of the person taking the appeal, to *make and file an affidavit*, &c. But the affiant has no authority to sign the *jurat ;* and inasmuch as the attestation is an essential part of the affidavit, it is clear that the only sensible construction of this requirement is that the appellant, his agent, or attorney, shall *make* and *cause* to be made an affidavit, unless

prevented by circumstances not under his control. A man may, usually, control his own actions, but it is not always so easy to control others. In this case, the appellant delivered the paper, designed as an affidavit, to the Justice, at the time he signed and swore to it. He had no power to compel the Justice to sign the *jurat*, but had a right, on paying his fees, to believe he would do so immediately.

I think the omission of the Justice to attach his signature, was within the spirit, if not the letter of the statute, a circumstance not under the control of the appellant.

I do not now desire to intimate what would be the opinion of the Court, had the affidavit been sworn to before some other officer and delivered to the appellant without the *jurat* being signed, and by him delivered to the Justice, in that imperfect condition.

Let the order asked for be entered.